PER CURIAM.
Bernard R. Pare appeals his conviction for grand theft, claiming that the trial court erred in excluding certain proffered testimony. We reverse and remand for a new trial.
Pare was charged, by information filed November 5,1993, with one count of grand theft pursuant to section 812.014, Florida Statutes. At trial, the state called Larry Cliett who testified that Pare worked for him in August of 1993, that he (Cliett) signed two blank checks, but did not fill out any other portions, and that he left them both with Pare one day with directions that they be used to pay C.O.D. charges. The parties stipulated that Pare cashed the two signed checks, one for $600 and one for $400, and kept the proceeds.
Cliett testified that he never authorized Pare to cash the two checks and retain the proceeds, and that he never owed Pare as much as $1,000. Called as a witness on his own behalf, Pare testified * that Cliett owed him $1,877 when he and Cliett agreed (after delivery of the blank checks) to settle the debt by Pare’s cashing the two checks (on different days, so funds would be available) for a total of $1,000.
The defense proffered the testimony of Mike Strauss who was in charge of the payroll at the company where Cliett and Pare worked. Strauss’ proffered testimony pertained to how employees were paid, Cliett’s memory problems, and Cliett’s reputation in the community for truthfulness and honesty. Strauss also testified on proffer that Cliett owed Pare money. He further testified:
Q. Did Larry pay [Pare]?
A. To my knowledge, no.
[[Image here]]
Q. But did you have an opportunity to know that Mr. Pare was not paid for the shelving?
A. Yes.
The trial court ruled that Strauss could testify about Cliett’s memory problems and Cliett’s reputation for being truthful and honest, but excluded the remainder of the proffer. The trial court specifically stated:
THE COURT: Whether or not [Pare] was owed money has absolutely nothing to do with it. The question is whether or not he was told that he could use those checks.
[[Image here]]
THE COURT: It’s the writing of the checks that is critical, not the owing of money.
The jury found Pare guilty as charged and he was sentenced to three years’ probation, *604 the first year to be served in the Bay County jail.
“Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401, Fla.Stat. (1993). Whether or not Cliett owed Pare money was relevant to Pare’s defense because, unless the jury found there was a debt, Pare’s testimony that Cliett agreed to settle the debt by authorizing Pare to cash the checks and retain the proceeds was not credible. Strauss’ testimony that he knew Pare was not paid for some work Pare had done corroborated the defense claim — denied by Cliett — that Cliett owed Pare money. The exclusion of this portion of Strauss’ testimony was error. “[Wjhere evidence tends in any way, even indirectly, to establish a reasonable doubt of defendant’s guilt, it is error to deny its admission.” Rivera v. State, 561 So.2d 536, 539 (Fla.1990). We cannot say the error was harmless because the jury had to decide whether to believe Cliett’s or Pare’s version of events. We find no error in the exclusion of the other proffered evidence.
Accordingly, we reverse and remand for a new trial.
ERVIN, MINER, and BENTON, JJ., concur.

 On cross examination, the prosecutor approached Pare to review notes Pare was referring to. Pare's trial counsel objected and the trial judge overruled the objection.
On appeal, Pare argues that the trial judge erred in permitting the prosecutor to examine Pare’s notes. We find no error with respect to this issue.
When a witness uses a writing or other item to refresh his memory while testifying, an adverse party is entitled to have such writing or other item produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce it, or, in the case of a writing, to introduce those portions which relate to the testimony of the witness, in evidence.
§ 90.613, Fla.Stat. (1993). "A defendant who takes the stand as a witness in his own behalf occupies the same status as any other witness, and all the rules applicable to other witnesses are likewise applicable to him.” Booker v. State, 397 So.2d 910, 914 (Fla.1981).